IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MATTHEW HUNTER, ADAM KOEHLER, SHADOE SUKSTORF, ROBERT GUMPERT, STEVE EBERT, ORLANDO BREWER, and JOHN BRIDGEFORD, | ) ) ) ) ) ) | 4:15CV3063 |
| | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| NEBRASKA DEPARTMENT OF CORRECTIONS, FRED BRITTON, and SCOT FRAKES, | ) ) ) ) | |
| Defendants. | ) | |

    This matter is before the court for case management. Plaintiffs filed a Complaint (Filing No. 1) on June 4, 2015, concerning prison conditions at the Diagnostic and Evaluation Center in Lincoln, Nebraska. Plaintiffs include Shadoe Sukstorf, Matthew Hunter, Adam Koehler, Robert Gumpert, Orlando Brewer, and John Bridgeford. Steve Ebert is listed in the caption of the complaint but he did not sign the Complaint.[1]

    Prisoners are allowed to file joint civil rights complaints in this district if the criteria of permissible joinder under Federal Rule of Civil Procedure 20 are satisfied. However, pursuant to the Prison Litigation Reform Act, each prisoner in a joint action must pay the full civil filing fee, even if he is permitted to proceed in forma pauperis. See 28 U.S.C. § 1915(b)(1); *Cole v. Houston*, No. 4:06cv3314, 2007 WL 1309821 (D.

---

[1] The court's normal practice in cases filed by multiple prisoner-plaintiffs is to identify a "lead plaintiff." In this case, it is unclear which of the plaintiffs took the initiative to bring this action. Therefore, the court declines to identify a lead plaintiff at this time.

Neb. March 30, 2007). In other words, each prisoner in a joint action must pay the full civil filing fee, just as if he had filed the suit individually.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in the federal courts, this court will alert the plaintiffs to the individual payment requirement, as well as other risks they face in joint pro se litigation.[2] The court offers the plaintiffs an opportunity to withdraw from this litigation before the case progresses further. Each of the plaintiffs should consider the following points when deciding whether or not to withdraw as a plaintiff from this case:

- He must pay the full $350 filing fee, either in installments or in full, regardless of whether this action is dismissed, severed, or allowed to proceed as a group complaint.
- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.
- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.
- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.[3]

---

[2] *See* Kirkendall v. Justus, Case No. 14-cv-772-JPG, 2014 WL 3733971 (S.D.Ill. July 29, 2014) (providing notice to prisoners of the potential negative consequences of joining group litigation and providing them an opportunity to withdraw from the litigation).

[3] *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

- In screening the complaint, the court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

All of the plaintiffs must note that any proposed amended complaint or other document filed on behalf of multiple plaintiffs must be signed by each of the plaintiffs. As long as the plaintiffs appear without counsel in this action, each plaintiff must sign documents for himself. *See* Fed. R. Civ. P. 11. A non-attorney cannot file or sign papers for another litigant. All of the plaintiffs are WARNED that future group motions or pleadings that do not comply with this requirement will be stricken pursuant to Rule 11(a).

IT IS ORDERED that:

1. Each plaintiff has 30 days to advise the court in writing whether he wishes to continue as a plaintiff in this group action. If, by that deadline, any plaintiff advises the court that he does *not* wish to participate in the action, he will be dismissed from the lawsuit and will *not* be charged a filing fee for this action. **This is the only way to avoid the obligation to pay a filing fee for this action.**

Alternatively, if any plaintiff wants to pursue his claims individually in a separate lawsuit, he must so advise the court in writing, and his claims will be severed into a new action where a filing fee will be assessed.

2. Each plaintiff who chooses to continue as a plaintiff, either in this action or in a severed individual case, is hereby ORDERED to pay a fee of $400.00[4] or file

---

[4]A plaintiff whose application for pauper status is approved will be charged a filing fee of only $350.00, as he is not subject to the $50.00 administrative fee

a properly completed motion for leave to proceed in forma pauperis ("IFP") within 30 days. The clerk of the court is directed to send the Form AO240 to each of the plaintiffs.

Failure to submit a properly completed IFP motion does not relieve a plaintiff of the obligation to pay a filing fee, unless he also submits timely written notice that he does not intend to proceed with the action. **Any plaintiff who simply does not respond to this Memorandum and Order within 30 days will be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

3. The plaintiffs are again WARNED that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

4. The plaintiffs are further ADVISED that each of them is under a continuing obligation to keep the court informed of any change in his address.

---

assessed to non-IFP plaintiffs.

DATED this 16th day of June, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.